UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BOBBY LAYTHEN BINFORD,

                    Plaintiff,

          v.

MEDICAL DIRECTOR KENNEY,
NURSE ALAN BAILEY, and DOCTOR
JOHN SMITH,

                    Defendants.

NO.  4:14-cv-5103-SAB

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Bobby Laythen Binford is currently serving a life sentence at the Washington State Penitentiary. Binford filed a pro se civil rights complaint on September 30, 2014 alleging violations of 42 U.S.C. § 1983 arising from a failure to provide treatment for Hepatitis C. ECF No. 1. Binford was granted in forma pauperis status, ECF No. 6, and was ordered to amend or voluntarily dismiss his complaint. ECF No. 8. He filed a First Amended Complaint on December 29, 2014. On August, 18, 2015, all defendants filed a Motion for Summary Judgment, ECF No. 33, which is now before the Court. The motion was heard without oral argument.

Binford has had Hepatitis C since at least the early 1990s. He underwent treatment in 1993 but did not complete the regimen. In 2008, he again underwent a

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 1

treatment regimen—it was considered unsuccessful. A liver biopsy performed in 2008 produced a METAVIR score of A2/F2.[1]  In late 2012, Binford again sought treatment for Hepatitis C. Defendant Alan Bailey informed Binford that to receive treatment his case would need to be presented to the Hepatitis C Care Review Committee. Binford's initial appointment had to be delayed because he was placed in the Intensive Management Unit. Dr. Rodriguez's vacation again delayed Binford's appointment, and then the doctor's transfer to another facility pushed it back further. Although Defendant Dr. John Smith replaced Dr. Rodriguez, he did not begin seeing Hepatitis C patients immediately so that he could familiarize himself with the treatment protocols. In the meantime, Binford saw a nurse at least once, and again requested treatment for his Hepatitis C.

On December 14, 2013, Binford met with Dr. Smith regarding his request for treatment. Dr. Smith recommended they present his case to the Review Committee in March 2014. He also began treating Binford for hypertension at that time. On February 12, 2014, the two met again and discussed the process for obtaining approval for Hepatitis C treatment. The next week, Dr. Smith presented Binford's treatment request to the Review Committee. The Review Committee approved Binford for a liver biopsy. Binford was told if his biopsy came back with a score of F3 or higher, he would qualify for further Hepatitis C treatment. The biopsy came back with a METAVIR score of A2/F2. Because the fibrosis score remained below F3, Binford was denied treatment for Hepatitis C. Because

---

[1] A METAVIR score is a method of grading conditions observed in the liver. The METAVIR score consists of two parts, a fibrosis score which measures the scarring of tissue—rated from F0 (no scarring) to F4 (cirrhosis)—and an activity score—from A0 (no activity) to A3 (severe activity). Plaintiff appears to conflate other indications regarding fibrosis with his METAVIR score. The fibrosis METAVIR score goes by stages and only consists of whole numbers (F0, F1, F2, F3 or F4). Additionally, one chart completed by a physician's assistant likewise conflates a fibrosis indication of two to three out of four, as 2¾. As noted, the liver biopsy was found to be a METAVIR F2. See ECF No. 35-2 at 38.

**ORDER GRANTING DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT** # 2

Binford has failed to present any evidence that would enable a jury to find the defendants liable, Defendants' motion to dismiss must be granted.

### *MOTION STANDARD*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### *ANALYSIS*

The Government's failure to meet its obligation to provide medical care for "those whom it is punishing by incarceration" may constitute an Eighth Amendment violation cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 3

U.S. 97, 103-05 (1976). For a plaintiff to prevail on a constitutional claim for inadequate medical care, he must show "deliberate indifference" to a "serious medical need." *Id*. at 104. Deliberate indifference includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

The objective prong requires a plaintiff to demonstrate the existence of a "serious medical need." *Estelle*, 429 U.S. at 104. A medical need is serious if failure to treat the condition "could result in further significant injury [or cause] the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). Considerations include whether a "reasonable doctor or patient would find [the condition] worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A prisoner official meets the subjective element of deliberate indifference only if the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citations omitted). To be deliberately indifferent, the official must not only "be aware of facts from which the inference could be drawn that a substantial harm exists" but also actually draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). When a prison official denies, delays, or intentionally interferes with medical treatment deliberate indifference may exist. *Hutchinson v. United States*, 883 F.2d 390, 394 (9th Cir. 1988). A mere difference of medical opinion between medical personnel regarding treatment options does not, however, raise a valid deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A court

**ORDER GRANTING DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT** # 4

does not need to defer to the judgment of prison doctors or administers in evaluating a deliberate indifference claim. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).

Defendants assert that because Binford did not qualify for further Hepatitis C treatment under the Washington Department of Corrections ("DOC") policy and protocol he was not suffering from a serious medical need. Binford cites to the seriousness of Hepatitis C generally and to his various symptoms and maladies which he links to the disease.

Simply because Plaintiff does not warrant treatment under DOC policy does not necessarily indicate Plaintiff does not suffer from a serious medical need. If that were the case, DOC could avoid otherwise constitutionally mandated treatment by simply writing it out of their policy. *See Johnson v. California*, 543 U.S. 499, 508-511 (2005) (finding Eighth Amendment claims are not subject to a deference to institutional policy standard); *Hunt*, 865 F.2d at 200 (stating courts need not differ to judgment of prison doctors in evaluating a deliberate indifference claim). Defendants also provide several declarations explaining the justifications for denying Plaintiff the treatment he sought.

Hepatitis C certainly *may* qualify as a serious medical need. See *Erickson v. Pardus*, 551 U.S. 89 (2007) (reversing an order to dismiss an Eighth Amendment claim based on removal from a Hepatitis C treatment program); *Tatum v. Winslow*, 122 Fed. Appx. 309 (9th Cir. 2005) (affirming denial of motion to dismiss Eighth Amendment claim regarding Hepatitis C treatment). However, infection with the Hepatitis C virus by itself may not always present a serious medical need due to the nature of the virus. *See* Andrew Brundsen, *Hepatitis C in Prisons: Evolving Toward Decency Through Adequate Medical Care and Public Health Reform*, 54 UCLA L. REV. 465, 473 (2006).

Viewing the evidence in the light most favorable to Plaintiff—the non-moving party—a jury could conclude that Plaintiff's Hepatitis C condition

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 5

constitutes a serious medical need. A jury could credit Plaintiff's statements regarding his symptoms and could interpret the evidence of Plaintiff's liver biopsy to determine his condition is serious.

Defendants also argue Binford has failed to present evidence of disputed material fact regarding the subjective component necessary under the deliberate indifference standard as to any defendant. Although Binford alleges Defendant Bailey "slow-walked" his request for treatment, he provides no evidence of Bailey intentionally delaying the process for applying for treatment. Instead, evidence indicates any delays were caused by Binford being placed in the Intensive Management Unit, a doctor's vacation and subsequent transfer to a different facility, a waiting list, and the need for a newly hired doctor to familiarize himself with the Hepatitis C treatment protocol. Binford does not present any evidence to refute this. Binford fails to present any evidence regarding any Defendants' subjective state of mind. The uncontested evidence in the record suggests Defendants followed DOC protocol for the treatment of Hepatitis C. Although, as previously noted, adherence to a DOC policy does not, on its own, mean the Eighth Amendment has been satisfied, *see Johnson*, 543 U.S. 499, it certainly militates against finding that these specific defendants acted with deliberate indifference.

Binford's primary complaint is that the DOC's Hepatitis C protocol is based solely on cost rather than medical necessity. Binford is correct in asserting that lack of resources alone cannot justify a failure to treat when the Eighth Amendment otherwise mandates it—at least when injunctive relief alone is sought. *See Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). When damages are sought, however, an individual defendant may consider resources in determining a course of action. *Id.* Binford's challenge to the policy must fail for several reasons.

First, Binford has presented no evidence—nor has he even alleged—that any of the named defendants had any role in the creation of the policy to which he

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 6

objects. Second, an inmate is not entitled to the best or most expensive cutting-edge medical treatment. Instead, inmates must be provided medically acceptable treatment under the circumstances. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (stating when officials select one of two medically acceptable courses of treatment available there is no deliberate indifference). Third, Binford's only purported evidence of finite resources being a driving factor in the creation of the policy is a news article that quotes a DOC official discussing how new and effective medication—which costs up to $90,000 for treatment—is unlikely to be a solution to the Hepatitis C epidemic throughout the prison system. This statement, which did not address how the DOC's current Hepatitis C policy was created, is insufficient even at the summary judgment stage.

This is not a case where a plaintiff has been denied any medical treatment in light of his complaints. Instead, Binford has had his Hepatitis C monitored, he has been treated with medication in the past, and a recent biopsy was performed on his liver to determine if his condition had deteriorated to the point where further treatment was advisable. This is not a case where any treating physician has determined treatment was necessary despite a policy which dictates otherwise. Instead, Binford has been unsuccessfully treated in the past. He complained anew and additional tests were ordered. It was found that Binford's liver condition had not substantially changed and that treatment was not medically advisable given his current condition. Binford disagrees with the medical assessment and wants treatment nonetheless. He believes that he is being denied treatment based solely on the cost of treatment and that any policy that denies him this treatment is unacceptably based solely on cost. He has no evidence to back up these allegations. Binford cannot be blamed for desiring the newest and best Hepatitis C treatment but he is not constitutionally entitled to it. In short, Binford has failed to make the requisite showing to survive Defendants' motion for summary judgment.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 7

In Plaintiff's responsive briefing he includes a request that this Court allow additional discovery prior to deciding the motion on summary judgment. Plaintiff does not present a compelling argument to delay this order. Additionally, because the Court finds that summary judgment is warranted on the merits, it does not address Defendants' affirmative qualified immunity defense.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 33, is **GRANTED**.

2. Defendants' Motion for Extension of Scheduling Order Deadlines, ECF No. 45, is **dismissed as moot**.

3. Judgment shall be entered in favor of all defendants.

4. All previously set court dates, including the trial date, are **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, enter judgment, provide copies to counsel and Plaintiff, and **close the file**.

**DATED** this 2nd day of November 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 8